UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**ERIC ALBERT URSCHER**

    **Plaintiff,**

v.                                                    **Case No: 5:24-cv-343-MMH-PRL**

**JP MORGAN CHASE BANK**

    **Defendant.**

_____

**REPORT AND RECOMMENDATION**[1]

Plaintiff, Eric Albert Urscher, who is proceeding *pro se*, filed this action against Defendants "JP Morgan/Chase." (Doc. 1). Plaintiff filed a motion to proceed in forma pauperis (Doc. 2), which the Court took under advisement, noting several deficiencies and affording Plaintiff an opportunity to amend his complaint by August 2, 2024, if he could do so in good faith. (Doc. 6). Plaintiff's deadline to amend has passed and Plaintiff has neither filed an amended complaint nor requested additional time to do so. Because Plaintiff's complaint fails to state a claim or allege any basis for this Court to exercise jurisdiction, I submit that Plaintiff's motion to proceed in forma pauperis (Doc. 2) should be denied and his complaint (Doc. 1) should be dismissed.

    **I.**        **Legal Standards**

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

An individual may be allowed to proceed in forma pauperis if he declares in an affidavit that he is unable to pay such fees or give security therefor. 28 U.S.C. § 1915(a)(1). However, before a plaintiff is permitted to proceed in forma pauperis, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, fails to state a claim upon which relief may be granted[,] or ... seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte*. *Id.*

## II.    Complaint

As the Court explained in its prior Order, Plaintiff's complaint (Doc. 1) is a two-page single-spaced typed document with the title "Exploitation, Financial Negligence, Defamation of Character, Fraud." Although not entirely clear, Plaintiff alleges that without his knowledge JPMorgan/Chase authorized the changing of his mailing address from Florida to Nebraska and that his checking account was "skimmed for (-) $700.00."

Plaintiff believes that this was the result of a hack or breach. Plaintiff alleges that Chase's fraud department claimed he was a liar, and he was forced to investigate the "victimization" on his own. He has been notified by Chase that his fraud and exploitation claim will not be rectified and his efforts to communicate with JPMorgan/Chase have been unsuccessful. Plaintiff alleges that his account has been illegally shut down and his "Experian creditworthiness" took a "nose-dive away from its former Rating of 771."

Plaintiff asks the Court to "research this financial victimization within its administrative capacity." He seeks $14,000,000,700.00 plus fines, court costs, cost of prosecution fees, an order reactivating Plaintiff's account and restoring his credit rating. He

asserts that "[f]inancial institutions have 'played me' now they ought to be Ordered to 'pay-me.'"

## III. Discussion

Jurisdiction is a threshold issue in any case pending in United States district court. Indeed, federal courts are courts of limited jurisdiction, which are "'empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution,' and which have been entrusted to them by a jurisdictional grant authorized by Congress." *Univ. of So. Ala. v. American Tobacco Co.,* 168 F.3d 405, 409 (11th Cir.1999) (quoting *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir.1994)). "[A] court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." *Smith v. GTE Corp.,* 236 F.3d 1292, 1299 (11th Cir.2001). This inquiry should be done at the earliest stage in the proceedings and *sua sponte* whenever subject matter jurisdiction may be lacking. *University of S. Ala. v. American Tobacco Co.,* 168 F.3d 405, 410 (11th Cir.1999). "[O]nce a court determines that there has been no [jurisdictional] grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indem. Co.,* 228 F.3d 1255, 1261 (11th Cir.2000).

Here, Plaintiff has failed to allege any facts suggesting that this Court has jurisdiction over his claim. Federal jurisdiction is based on either diversity of citizenship jurisdiction or federal question jurisdiction. Diversity of citizenship jurisdiction requires that the action be "between ... citizens of different States...." and the amount in controversy must exceed $75,000.00. 28 U.S.C. § 1332(a)(1). Even if the parties are diverse (which Plaintiff has not alleged), the allegations do not support the requisite amount in controversy. Indeed, Plaintiff

alleges that $700.00 was skimmed from his account and that it had a negative impact on his credit score. He has failed to allege any facts suggesting that he suffered damages exceeding $75,000 (or the $14 billion he has requested). Moreover, Plaintiff has failed to allege a basis for federal question jurisdiction which exists if there has been a violation of Plaintiff's rights arising under the Constitution or federal law. *Southpark Square Ltd. v. City of Jackson*, 565 F.2d 338, 341 (5th Cir.) *cert. denied*, 436 U.S. 946 (1978). Simply stated, Plaintiff does not identify or allege any facts suggesting that Defendants violated any specific constitutional or statutory right of Plaintiff.

Moreover, and significantly, Plaintiff has not alleged any viable basis for his claim under federal law or otherwise. As an initial matter, it is unclear if Plaintiff is attempting to name one defendant or JPMorgan and Chase separately as defendants. To the extent he is attempting to assert claims against the two entities as individual defendants, he has failed to explain how each one is legally responsible. In addition, Plaintiff has failed to clearly state the legal theory or theories upon which he seeks relief. It is unclear if he is alleging that Defendant(s) breached a contract, committed tortious acts, or violated a specific constitutional or statutory right. And the Court is unaware of any legal basis for it to order the relief Plaintiff seeks—i.e., reactivation of his bank account and correction of his credit score.

The Court afforded Plaintiff an opportunity to file an amended complaint to correct these deficiencies. (Doc. 6). The Court cautioned Plaintiff to carefully consider whether he could allege a claim in good faith because pursuing frivolous claims could lead to the imposition of sanctions. (Doc. 6). Plaintiff's deadline to file an amended pleading has passed, and he has neither filed an amended complaint, nor requested an extension of time to do so.

- 5 -

The Court construes this as a tacit admission by Plaintiff that he could not allege a claim in good faith.

Accordingly, I submit that Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) should be **DENIED** and Plaintiff's complaint (Doc. 1) should be dismissed.

**DONE** and **ENTERED** in Ocala, Florida on **August 12, 2024**.

_____
PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties